IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK ANTHONY SCOTT,

    Petitioner,               No. 2:11-cv-0835 KJN P

    vs.

DR. FERRANTI,[1]

    Respondent.           ORDER

                             /

        Petitioner, a county jail inmate proceeding without counsel, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has failed to file his claims on the form provided for prisoners, and to file a request to proceed in forma pauperis or to pay the court's filing fee.  Petitioner also failed to sign the document.  Fed. R. Civ. P. 11(a).  It appears petitioner is challenging a finding by Dr. Ferranti that petitioner is mentally incompetent.  Petitioner states his next court date is on March 25, 2011.  Petitioner also mentions having filed a habeas corpus petition, and that he has an issue with the representation provided by his public defender.  (Dkt. No. 1 at 1.)

---

[1] Petitioner must name as respondent the sheriff of the jail or the warden of a prison where he is incarcerated.  "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Dr. Ferranti is not a properly-named respondent.

1

Review of the Sacramento County Superior Court's Index Search System reveals that petitioner is facing felony charges of California Penal Code § 12020(A) and 171B(A)[2] in Case Number 10F07053, and that on March 25, 2011, petitioner was found incompetent.[3] Petitioner's next court hearing is on April 15, 2011, for a return on conditional release report regarding recommendations.

Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (internal citation omitted).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (internal citation omitted).

If petitioner disputes findings entered in his pending criminal proceedings, or his representation during pending criminal proceedings, he must address them to the superior court or on appeal in state court. A petition for writ of habeas corpus filed in federal court addresses a final conviction or sentence, and any claims contained in such a petition must first be exhausted

---

[2] California Penal Code § 12020 addresses the manufacture, import, sale, supply or possession of certain weapons and explosives. Id. California Penal Code § 171b addresses the unauthorized possession of weapons in state or local public building or at public meeting. Id.

[3] This website was accessed on April 4, 2011, at <https://services.saccourt.com/indexsearchnew/CaseNumberList.aspx?SearchValues=SCOTT,MARK,ANTHONY,680461>.

before presentation to a federal court.  28 U.S.C. § 2254(b)(1).

Although it appears unlikely petitioner can amend to rectify the above defects, petitioner will be provided one opportunity to amend his petition, in the event petitioner is challenging a conviction that is final, and has exhausted his habeas claims.  If, however, petitioner is challenging actions taken in the currently pending criminal proceedings in Case Number 10F07053, petitioner may file a voluntary dismissal of this action.  Fed. R. Civ. P. 41(a).  However, petitioner is cautioned that if he is challenging the pending criminal proceedings and files an amended petition challenging the pending criminal proceedings, the court will recommend that this action be dismissed under Younger, 401 U.S. at 45-46.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee; petitioner's failure to comply with this order will result in the dismissal of this action;

2. Petitioner's application for writ of habeas corpus is dismissed with leave to file an amended petition or a request for voluntary dismissal within thirty days from the date of this order;

3. Any amended petition must be filed on the form employed by this court, must name the proper respondent, must be signed by petitioner, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Amended Petition"; and

4. The Clerk of the Court is directed to send petitioner the form for habeas corpus application, and an application to proceed in forma pauperis by a prisoner.

DATED: April 4, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

scot0835.114